# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS

\* \* \* \* \*

| | |
|---|---|
| A. FLANIGAN,<br><br>    Plaintiff,<br><br>    v.<br><br>BOARD OF TRUSTEES OF THE UNIVERSITY OF ILLINOIS AT CHICAGO; DMITRI T. AZAR, an individual; KAREN J. COLLEY, an individual; URETZ J. OLIPHANT, an individual; JEAN HOLLEY, an individual; MARCI J. FANTI, an individual, and DOES I-X, inclusive,<br><br>    Defendants. | Case No.: 1:13-cv-04514 |

## AMENDED COMPLAINT

### (Jury Trial Demanded)

COMES NOW, Plaintiff, by and through his counsel, and hereby files this Amended Complaint and alleges against the above-named Defendants, and each of them, based upon knowledge, information and a reasonable belief derived therefrom, as follows:

## INTRODUCTION

This is a Complaint for Damages and injunctive relief brought by a student of University of Illinois at Chicago College of Medicine. The claims, against the University and faculty of this public university, are based upon 42 U.S.C. Section 1983 and the Fourteenth Amendment of the United States Constitution, alleging infringement of Plaintiffs' right to substantive and procedural due process and equal protection. Plaintiff also relies on the University's Student Disciplinary Policy and the University Statutes and alleges a pendent breach of contract claim. Plaintiff has also asserted a claim against University Defendant for negligent hiring, training, and supervision, and all Defendants for intentional infliction of emotional distress.

## PARTIES

1.     Plaintiff, A. FLANIGAN, is and was a resident of Champaign, State of Illinois, and at all times relevant herein was a student in the University of Illinois College of Medicine.

2.      Defendant, BOARD OF TRUSTEES OF THE UNIVERSITY OF ILLINOIS AT CHICAGO (UIC), operates the University of Illinois College of Medicine, a public educational institution located in the City of Chicago, County of Cook, State of Illinois.

3.      Defendant, DMITRI T. AZAR, is the Dean of the University of Illinois at Chicago College of Medicine.

4.      Defendant, KAREN J. COLLEY, is the Dean of the University of Illinois at Chicago Graduate College.

5.      Defendant, URETZ J. OLIPHANT, was at all times mentioned herein, Plaintiff's Academic Advisor at the University of Illinois at Chicago College of Medicine.

6.      Defendant, JEAN HOLLEY, was at all times mentioned herein, Plaintiff's professor in Fundamentals of Clinical Practice at the University of Illinois at Chicago College of Medicine.

7.      Defendant, MARCI J. FANTI, is the Director of Human Resources at the University of Illinois at Chicago College of Medicine.

8.      That the true names or capacities, whether individual, corporate, associate or otherwise, of Defendants DOES I through X are unknown to Plaintiff, who therefore, sues said Defendants by such fictitious names.

9.      Plaintiff is informed and believes and thereon alleges that each of the Defendants designated herein as DOE are responsible in some manner for the events and happenings referred to in this action and proximately caused damages to Plaintiff as herein alleged, and that Plaintiff will ask leave of this Court to amend this Complaint, to insert the true names and capacities of said Defendants, and when the same have been ascertained to join such Defendants in this action.

10.     At all times herein, Defendants have been acting under color of law.

11.     At all times relevant hereto, and in all their actions described herein, Defendants' actions took place in the State of Illinois.

12.     Defendants, and each of them, did the acts and omissions hereinafter alleged in bad faith and with knowledge that their conduct violated well established and settled law.

## JURISDICTION AND VENUE

13.     This Court has jurisdiction over the claims set forth in this action pursuant to 28

U.S.C. §1331 (federal question) and 28 U.S.C. §1343 (civil rights) as the claims are based upon 42 U.S.C. §1983.

14.     Supplemental jurisdiction over Plaintiff's pendent state law claims is invoked pursuant to 28 U.S.C. §1367, as the claims arise out of the same transaction and occurrence as Plaintiff's federal claims.

15.     Venue is proper in the Northern District of Illinois pursuant to 28 U.S.C. §1391(b) in that the claims arose in this district, and Plaintiff and Defendants are located in this district.

16.     Costs, expert witness fees, and attorney's fees are sought pursuant to 42 U.S.C. §1988.

## GENERAL FACTUAL ALLEGATIONS

17.     Plaintiff, A. FLANIGAN, was a second year medical student UIC College of Medicine for the 2011-2012 academic year.

18.     Plaintiff successfully completed the entire second year curriculum with the exception of Fundamentals of Clinical Practice (FCP), in which Plaintiff did not pass the make-up examination. The (FCP) examinations were prepared and graded by Defendant, Dr. Jean Holley.

19.     On June 29, 2011, Plaintiff took the FCP make-up examination. While taking the examination, Plaintiff realized that the examination was not in an appropriate format as it was short answer rather than multiple choice and the format of the exam was dramatically different from the examinations previously administered during the academic year.

20.     On July 5, 2011, Plaintiff corresponded with Defendant, Dr. Uretz Oliphant, his academic advisor, to ask for guidance with regard to his concerns about the FCP course and FCP make-up examination and how to dispute the grading and format of the examination and to be administered an examination that was in the appropriate format and not capriciously graded. Plaintiff was erroneously informed he had to file a "petition" to allow him to take a second retake of the FCP course.

21.     Dr. Holley's actions directly violated the published policies of the College of Medicine and the University of Illinois, thus a grievance would have been the proper procedure to follow in this situation rather than the petition Plaintiff was instructed to submit.

22.     On September 14, 2011, Plaintiff was informed of the decision of Defendant, Administrative Officer, Marci Fanti, explaining that after thorough review of his academic record, she upheld the decision of the College Committee on Student Promotions (CCSP) on August 26, 2011, denying his petition to be granted a second retake of the FCP examination and requiring Plaintiff retake his second year of medical school.

23.     Fanti's review of Plaintiff's appeal failed to address the specific points of his concerns with the examination, i.e., she did not consider the fairness of the grading and format of the examination. Fanti's review considered only Plaintiff's academic record, which was not relevant to the relief which Plaintiff sought, as Fanti was presumably only considering whether Plaintiff should be permitted to a second retake of the FCP examination.

24.     On September 16, 2011 Plaintiff corresponded with Defendant, Karen J. Colley informing her that he wanted to file an appeal to the decision of Fanti because her review of the appeal did not consider the fairness of the grading and format of the examination, which were the sole points of his appeal.

25.     On September 26, 2011, Plaintiff was informed that the office of the Dean concluded that the facts presented in Plaintiff's grievance, including policy statements on the college of medicine website, documentation from the College Committee on Student Promotions (CCSP) meeting on July 29, 2011, and the Dean's knowledge of the college of medicine examination and grading procedures, confirmed that Plaintiff's grievance against Dr. Holley for "capricious grading" was substantiated and granted Plaintiff's request to be administered a multiple choice examination and if he passed would not be forced to repeat his second year of medical school as previously decided.

26.     However, this decision came too late as Plaintiff spent more than three months filing the petition pursuant to the erroneous instructions of college of medicine administration when, in fact, the correct procedure would have been to file the grievance.

27.     As a result of these due process and contractual violations, and negligence of Defendants, Plaintiff was forced to begin a repeat of his second year of medical school during the aforementioned appeal process. Plaintiff's appeal was finally granted late in the fall semester. As

a result, Plaintiff was required to spend the remainder of the academic year studying for the USMLE Step 1 Examination. Plaintiff was thus forced to delay the start of his third year of medical school due to Defendants' actions and has suffered severe financial loss as he will now graduate and enter the work force at least one year later, also causing him to incur additional tuition and living expenses.

28.     Defendant, Holley's, capricious grading and examination, are in violation of the University's Statutes, and in violation of Plaintiff's U.S. Constitutional Rights.

29.     As a result of Defendant's arbitrary, capricious, and unlawful actions, Plaintiff has been prevented from attending classes at the College of Medicine, thus delaying his ability to attend medical school and enter the medical profession and causing him to incur additional tuition and living expenses he would not otherwise have incurred had he been permitted to graduate on time and inflicting emotional distress and physical injury, causing substantial damages.

### FIRST CAUSE OF ACTION

### *CIVIL RIGHTS VIOLATION 42 U.S.C. §1983, PROCEDURAL DUE PROCESS*

30.     Plaintiff incorporates by reference all the above related paragraphs with the same force and effect as if herein set forth.

31.     That Plaintiff has a clearly established right to equal access to all benefits and privileges of a public higher education and a right to be free from said illegal practices and policies.

32.     Defendant failed to comply with its own policies and due process protections set forth in its University's Student Disciplinary Policy and the University Statutes by failing to allow Plaintiff to submit a grievance to dispute the grading and format of the examination and instead erroneously requiring him to submit a petition to retake the examination.

33.     As a result of Defendants actions, Plaintiff suffered and continues to suffer a deprivation of his rights, privileges and immunities secured to them by the Fourteenth Amendment to the United States Constitution, and is thus entitled to an award of monetary damages from the individual Defendants.

34.     That by reason of the aforesaid actions, Plaintiff is entitled to a Permanent Injunction requiring all Defendants, or their agents, to cease all unlawful and unconstitutional acts that they currently engage in.

35.     The acts, conduct and behavior of each of the individual Defendant was performed knowingly, intentionally, oppressively, and maliciously, by reason of which Plaintiff is entitled to punitive damages.

36.     It has been necessary for the Plaintiff to obtain the services of an attorney to prosecute this action, and Plaintiff is entitled to an award of attorney's fees and costs of suit incurred herein.

## SECOND CAUSE OF ACTION

### *CIVIL RIGHTS VIOLATION 42 U.S.C. §1983, SUBSTANTIVE DUE PROCESS*

37.     Plaintiff incorporates by reference all the above related paragraphs with the same force and effect as if herein set forth.

38.     That Plaintiff has a clearly established right to equal access to all benefits and privileges of a public higher education and a right to be from said illegal practices and policies.

39.     The actions of the Defendants, as described above, were arbitrary and capricious, and were not rationally related to any legitimate interest.

40.     As a result of Defendants actions, Plaintiff suffered and continues to suffer a deprivation of his rights, privileges and immunities secured to them by the Fourteenth Amendment to the United States Constitution, and is thus entitled to an award of monetary damages from the individual Defendants.

41.     The acts, conduct and behavior of each of the individual Defendant was performed knowingly, intentionally, oppressively, and maliciously, by reason of which Plaintiff is entitled to punitive damages.

42.     It has been necessary for the Plaintiff to obtain the services of an attorney to prosecute this action, and Plaintiff is entitled to an award of attorney's fees and costs of suit incurred herein.

## THIRD CAUSE OF ACTION

### *BREACH OF CONTRACT*

(BOARD OF TRUSTEES OF THE UNIVERSITY OF ILLINOIS AT CHICAGO)

43.    Plaintiff incorporates by reference all the above related paragraphs with the same force and effect as if herein set forth.

44.    Plaintiff, has a contract with Defendant university in connection with rights explicitly guaranteed by the Student Disciplinary Policy and the University Statutes, and other written policies and procedures of the Defendant, including but not limited the policies on equal educational opportunities, student academic procedures.

45.    The actions of Defendant university constitute a breach of contract.

46.    As a result of the breach committed against the Plaintiff has been damaged, as described above.

47.    It has been necessary for the Plaintiff to obtain the services of an attorney to prosecute this action, and Plaintiff is entitled to an award of attorney's fees and costs of suit incurred herein.

**FOURTH CAUSE OF ACTION**

***INTENTIONAL INFLICTION OF SEVERE EMOTIONAL DISTRESS***

48.    Plaintiff incorporates by reference all the above related paragraphs with the same force and effect as if herein set forth.

49.    That the actions and omissions of Defendants constitute extreme and outrageous conduct that is so outrageous in character, and so extreme in degree, as to go beyond all bounds of decency and caused Plaintiff to suffer distress so severe that a reasonable person could not be expected to endure it.

50.    That the actions and omissions of Defendants were intended to cause or were made with reckless disregard of the probability of causing emotional distress to Plaintiff.

51.    As a direct and proximate result of Defendants' intentional conduct and omissions, Plaintiff suffered and continues to suffer great mental and emotional harm, anguish, insecurity, self-revulsion, damage to his self-esteem, and self-worth, shame and humiliation, including but not limited to severe and clinical depression, anxiety, loss of sleep, loss of appetite, and gastrointestinal pain.

52.    Plaintiff requires medical and/or psychological care as result of the actions and inactions of Defendants. This has caused and/or will cause Plaintiff to incur expenses for medical

care, treatment, and expenses incidental thereto. The total amount of Plaintiff's damages cannot yet be fully ascertained, and as such we respectfully ask leave of this Court to amend Plaintiff's Complaint to insert the full amount when such have been fully ascertained.

53. As a result of the mental distress described above, Plaintiff has suffered serious psychological injury, loss of community reputation, medical expenses, and to incur severe financial obligations in order to retain attorneys to seek redress against the unlawful conduct of the Defendants, as well as deprivation of his liberty, invasion of his privacy, and grievous mental suffering, causing damages.

54. The acts, conduct and behavior of the Defendants were performed willfully, intentionally, oppressively, fraudulently and maliciously, by reason of which Plaintiff is entitled to punitive damages.

55. It has been necessary for Plaintiff to obtain the services of an attorney to prosecute this action, and Plaintiff is entitled to an award of attorney's fees and costs of suit incurred herein.

**WHEREFORE,** Plaintiff prays that this Honorable Court: Enter judgment in Plaintiff's favor, and against the Defendants, and each of them: (a) for compensatory damages in an amount to be determined at trial; (b) for punitive damages each in an amount to be determined at trial; (c) for injunctive and declaratory relief; and (d) together with the costs and disbursements of this action and such other attorney's fees pursuant to 42 U.S.C. §1988, and further relief as justice requires.

DATED this 10th day of September, 2013.

The Bach Law Firm, LLC

By:_____*/s/ Jason J. Bach, Esq.*_____
       JASON J. BACH, ESQ.
       6053 South Fort Apache Road, Suite 130
       Las Vegas, NV 89148
       *Attorney for Plaintiff*

Korey Cotter Heather & Richardson

By:_____*/s/ Elliot Richardson*_____
       ELLIOT RICHARDSON
       Two First National Plaza
       20 South Clark St., Suite 500
       Chicago, IL 60603
       *Attorney for Plaintiff*